Submitted October 28, affirmed December 1, 2021

In the Matter of S. A. H.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

A. H.,
*Appellant.*

Douglas County Circuit Court
21JU00533; A175909

500 P3d 770

Jason R. Thomas, Judge.

Shannon Storey, Chief Defender, Juvenile Appellate Section, and Sean Connor, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Joanna L. Jenkins, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

## PER CURIAM

In this juvenile dependency case, mother appeals the judgment asserting jurisdiction over her 14-year-old child pursuant to ORS 419B.100(1)(c) ("the juvenile court has exclusive original jurisdiction in any case involving a person who is under 18 years of age and * * * [w]hose condition or circumstances are such as to endanger the welfare of the person or of others"). She argues that the evidence at the hearing was inadequate to support the court's finding of jurisdiction on the basis that "mother's parenting skills and abilities are insufficient to safely provide for the child's particular needs." More specifically, she contends that the evidence was insufficient to establish that her parenting exposed her child to a current, nonspeculative risk of serious harm. *See Dept. of Human Services v. C. A. M.*, 294 Or App 605, 615, 432 P3d 1175 (2018) ("A child's welfare is endangered under the statute if conditions and circumstances give rise to a current threat of serious loss or injury to the child." (Internal quotation marks omitted.)). Because mother used inappropriate physical discipline during an argument with child, causing child to run away from home, and child testified that she would run away again if returned to mother's care, there is evidence to support the juvenile court's finding. As a result, the conclusion that, absent jurisdiction, there was a reasonable likelihood of harm to child's welfare due to mother's inability to care for child's particular needs was legally permissible. *See id.* ("The key inquiry in determining whether conditions or circumstances warrant jurisdiction is whether, under the totality of the circumstances, there is a reasonable likelihood of harm to the welfare of the child." (Citation omitted.)).

Affirmed.